Affirmed and Memorandum Opinion filed September 30, 2010.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00318-CR



 

Jermaine LaJuane Womack, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 82nd District
Court

Falls County, Texas

Trial Court Cause No. 8579



 

MEMORANDUM  OPINION

 

            A jury
convicted appellant, Jermaine LaJuane Womack, of deadly conduct, sentenced him
to twenty years’ confinement in the Institutional Division of the Texas
Department of Criminal Justice, and imposed a fine of ten thousand dollars.  On
appeal, he contends the trial court erroneously submitted incorrect limiting
instructions at the guilt-innocence phase of trial.  We affirm.

I.  Background

The underlying criminal proceeding arose from a
series of confrontations between appellant and several other persons.[1] 
Those encounters ultimately resulted in appellant’s brandishing a gun and
firing several bullets at the complainants, grazing two of them.  For those
actions, appellant was arrested for, charged with, and convicted of, the
offense of deadly conduct.  See Tex. Penal Code Ann. § 22.05 (Vernon
2003).

The confrontations began outside a motel room.  On
March 24, 2008, one of the complainants, D’Angelo Wright, drove to the motel to
pick up his cousin, Meyaka.  When Wright arrived, he heard shouting coming from
inside the motel room Meyaka shared with her mother, Latanya, and
sixteen-year-old brother, Rodney.  Rodney exited the room with a bloody nose.  Appellant
followed.  Appellant confronted Wright, among others, but the situation was
defused by the arrival of police officers at the motel.

However, later that day, appellant pulled a gun and
fired shots at a car in which Wright and some of his friends were riding.  Two
of the passengers were grazed by bullets.  Appellant was arrested and charged
with deadly conduct.

During trial, Latanya testified that, on the day of
the shooting, appellant had also scuffled with her son, Rodney, at least
twice.  During one of those fights, Rodney suffered the nosebleed that Wright
witnessed upon his arrival at the motel.

Apparently in response to Latanya’s testimony, the
court, sua sponte, gave the jury an instruction limiting its
consideration of extraneous offenses.  The jury instruction read:

You are instructed that if there
is any testimony before you in this case regarding the Defendant’s having
committed offenses other than the offense alleged against him in the indictment
in this case, you cannot consider said testimony for any purpose unless you
find and believe beyond a reasonable doubt that the Defendant committed such
other offenses, if any were committed, and even then you may only consider the
same in determining the intent and identity of the Defendant, if any, in
connection with the offense, if any, alleged against him in the indictment in
this case, and for no other purpose.

 

Appellant made no objection
to the supplemental charge.  The jury convicted him as charged.  

Appellant now contends the limiting instruction given
by the trial court was erroneous.  That is, he apparently argues that the trial
court should not have issued the instruction quoted above because issues of identity and intent – which
might justify the admission of testimony about extraneous offenses – were not
raised by the evidence.  Stated differently, appellant does not complain about
the admission of the extraneous-offense evidence; instead, for reasons
that are unclear, appellant challenges only the trial court’s actions in limiting
the purposes for which the jury could consider such testimony.

II.  Discussion

Appellant fails to direct our attention to any
extraneous-offense testimony in the record.[2] 
Giving his complaint a liberal construction, we read his argument as one
apparently taking issue with the testimony regarding his two scuffles with
Rodney.  

A.  Standard of Review

We
review allegations of jury-charge error under Article 36.19 of the Code of
Criminal Procedure.  Guevara v. State, 152 S.W.3d 45, 54 (Tex. Crim.
App. 2004).  We first determine whether error exists in the charge.  Ngo v. State, 175 S.W.3d 738, 743
(Tex. Crim. App. 2005).  If the charge is erroneous, we next consider whether the error caused
sufficient harm to require reversal.  Id.  The degree of harm necessary
for reversal depends on whether the defendant preserved error.  Id. 
Where, as here, appellant did not preserve error at trial, he must show the
error was so egregious and created such harm that he did not have a fair and
impartial trial.  See id. at 743–44. 

B.  Propriety of
Jury Instruction

In this
case, however, we need not decide whether the jury charge was erroneous.  Even
were we to presume error, appellant could not prevail on appeal because he has
not shown that he was harmed by the trial court’s efforts to limit the
jury’s use of the extrinsic-offense evidence.  

Notably,
Latanya’s testimony was elicited by appellant’s counsel.  Appellant
neither objected to, nor moved for a limiting instruction as to, the testimony
adduced by his own attorney.  Rather, the court, on its own motion, supplemented
its charge with a limiting instruction to protect the rights of appellant.[3]  Thus, appellant cannot show any
harm, much less “egregious harm.”  See Ngo, 175 S.W.3d at 743–44.  Accordingly,
we overrule appellant’s sole issue.  See id.

III.  Conclusion

            We find no merit
in the issue presented.  Therefore, we overrule appellant’s sole issue on
appeal, and we affirm the judgment of conviction. 

 

                                                                                    

                                                                        /s/        Kent
C. Sullivan

                                                                                    Justice

 

 

 

Panel consists of Justices Frost,
Boyce, and Sullivan.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
The facts are well-known to the parties, and we discuss them only to the
limited extent necessary to address the issues raised in this appeal.  See Tex.
R. App. P. 47.4.





[2]
In his brief, appellant describes only one of his two scuffles with Rodney. 
Appellant complains of no other extraneous offense.





[3]
There was also testimony that appellant had previously been issued trespass
warnings for being on motel property.  However, appellant does not reference
these warnings in his brief.  We note testimony of these warnings was provided
by appellant’s witness and appellant’s counsel posed no objection to it.